[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff, Federal Deposit Insurance Corporation as Receiver of Citytrust, seeks to foreclose a blanket mortgage given by the defendant, LRV Company, to Citytrust on three parcels of real property located in Canton and Winsted, Connecticut. The mortgage deed was given to secure a promissory note in the original principal amount of $420,000 dated June 24, 1988 from LRV Company to Citytrust. The defendants, Lawrence P. DeFeo and Pamela J. DeFeo, executed a Guaranty dated June 24, 1988 wherein they unconditionally guaranteed prompt payment of the indebtedness of LRV Company. CT Page 9062
By Special Defense dated February 3, 1993, Pamela J. DeFeo alleged that the aforementioned Guaranty was invalid in that it was obtained in violation of Regulation B of the Equal Credit Opportunity Act ("ECOA"); 12 C.F.R. § 202.7. The plaintiff has moved to strike that Special Defense on the grounds that it is legally insufficient in several ways, including that violations of Regulation B of the Equal Credit Opportunity Act may not be asserted as an affirmative defense to the underlying debt, and do not automatically render the Guaranty void or invalid.
The purpose of a Motion to Strike is to test the legal sufficiency of the allegations of a complaint, counterclaim or special defense. Connecticut Practice Book § 152; Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988). For the purposes of a motion to strike a special defense, the court must construe the allegations of the special defense in a light most favorable to the defendant. Maloney v. Conroy,208 Conn. 392, 394, 545 A.2d 1059 (1988); Kilbride v. DushkinPublishing Group, Inc., 186 Conn. 718, 719, 443 A.2d 922 (1982). In a motion to strike legal conclusions or opinions contained within a pleading are not deemed admitted. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985).
The ECOA provides, inter alia, that: "[i]t shall be unlawful for any creditor or discriminate against any applicant with respect to any aspect of a credit transaction . . . on the basis of . . . sex or marital status." 15 U.S.C. § 1691(a)(1). Regulation B, promulgated by the Federal Reserve Board pursuant to the ECOA, provides:
 [A] creditor shall not require the signature of an applicant's spouse or other person, other than a joint applicant on any credit instrument if the applicant qualifies under the creditor's standards of creditworthiness for the amount and terms of the credit requested.
12 C.F.R. § 202.7(d)(1).
A majority of the courts have held that a violation of the ECOA may not be asserted as an affirmative defense. U.S. v. JosephHirsch Sportswear Co., Inc., 1989 WL 20604 (E.D.N.Y.), aff'dwithout op., 923 F.2d 842 (2d Cir. 1990); CMF Virginia Land, L.P.v. Brinson, 806 F. Sup. 90, 95 (E.D. Va. 1992); Riggs NationalBank of Washington, D.C. v. Linch, 829 F. Sup. 163, 169 (E.D. Va. 1993); Diamond v. United Bank Trust, 776 F. Sup. 542 (N.D. Okla. CT Page 9063 1991).
In Diamond v. United Bank Trust, supra, a borrower and his wife claimed that their lender had violated the ECOA by requiring the wife's signature on a note which the FDIC thereafter attempted to collect. The court held that "there is no authority, in statutory language or case law, for the proposition that a violation of the ECOA renders an instrument void."776 F. Supp. at 544. The Court in CMF Virginia Land, L.P. v. Brinson, supra, disallowed a claimed violation of ECOA as an affirmative defense and stated:
 Nowhere does [ECOA] afford relief by way of an affirmative defense. A counterclaim certainly can be premised upon a violation of the ECOA, but such a violation cannot be alleged to avoid basic liability on the underlying debt. . . .
 Invalidation of the debt itself is a remedy too drastic for the Court to implement simply by reading between the lines of the ECOA.
806 F. Supp. at 95.
For the reasons set forth above, the Motion to Strike the Special Defense is granted.
By the Court,
Aurigemma, J.